UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RAMON TORRES,<br><br>                        Plaintiff,<br><br>v.<br><br>BOBBY WEBRE, Sheriff of Ascension Parish; PAUL HALL, Warden of the Ascension Parish Jail; DAVID DYKES, former Warden of the Ascension Parish Jail; TMICHEL DOE, staff member at Ascension Parish Jail; CHIEF DOE, staff member at Ascension Parish Jail; and JOHN DOES 1-9, booking and release staff at the Ascension Parish Jail.<br><br>     Defendants. | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMMPLAINT**

## INTRODUCTION

1.

One of the most cherished principles of our nation is that no person can be held in jail unless the government has the legal authority to detain him.

2.

Ramon Torres is a U.S. citizen and a Baton Rouge resident. He has a family, owns a home, and has worked in local Baton Rouge industry for years. Despite these longstanding community ties, Ramon Torres was detained in jail for more than three days simply because he has brown skin and a Latinx[1] last name.

---

[1] "Latinx" is a gender-neutral term sometimes used in lieu of Latino or Latina.

1

3.

Because his detention violates the United States Constitution, he brings the immediate action.

## JURISDICTION AND VENUE

4.

Mr. Torres brings his claims pursuant to 42 U.S.C. § 1983 because Defendants violated his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because it presents a federal question. The Court has supplemental jurisdiction over Mr. Torres' state-law claim pursuant to 28 U.S.C. § 1367.

6.

Venue is proper in this district in accordance with 28 U.S.C. §1391(b)(1) because the Defendants reside in this district, and 28 U.S.C. §1391(b)(2) because the wrongful conduct at issue in this matter occurred wholly within this District.

7.

Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2201. A declaration of law is necessary to determine the respective rights and duties of the parties.

## PARTIES

8.

Plaintiff Ramon Torres is a person of majority domiciled in the State of Louisiana, within the Middle District of Louisiana.

9.

Defendant Bobby Webre is Sheriff of Ascension Parish. He is responsible as a final policymaker for establishing and enforcing the policies, procedures and practices at the Ascension Parish Sheriff's Office ("APSO"), including specifically booking procedures and immigration holds. He also is responsible as a final policymaker for training and supervising the staff at the Ascension Parish Sheriff's Office on the proper use of holds and detainers, the constitutional rights of arrestees and suspects, and the obligation not to engage in racial profiling. He knew or should have known that the Ascension Parish Sheriff's Office was holding individuals without legal authority and acted with reckless disregard to the violation of rights caused thereby. The Sheriff is an individual of the full age of majority domiciled in the State of Louisiana, within the Middle District of Louisiana. The Sheriff is sued in his individual and official capacities.

10.

Warden Paul Hall is the current Warden at Ascension Parish Jail. He is responsible as a final policymaker for establishing and enforcing the policies, procedures, and practices at the Ascension Parish Sheriff's Office ("APSO"), including specifically booking procedures and immigration holds. He also is responsible as a final policymaker for training and supervising the staff at the Ascension Parish Sheriff's Office on the proper use of holds and detainers, the constitutional rights of arrestees and suspects, and the obligation not to engage in racial profiling. He knew or should have known that the Ascension Parish Sheriff's Office was holding individuals without legal authority, and he acted with reckless disregard to the violation of rights caused thereby. Warden Hall is an individual of the full age of majority

domiciled in the State of Louisiana. Warden Hall is sued in his individual and official capacities.

11.

Warden David Dykes is the former warden of Ascension Parish jail. He was Warden of the jail at the time of Mr. Torres' arrest and unlawful detention. He was responsible as a final policymaker for establishing and enforcing the policies, procedures, and practices at the Ascension Parish Sheriff's Office ("APSO"), including specifically booking procedures and immigration holds. He also was responsible as a final policymaker for training and supervising the staff at the Ascension Parish Sheriff's Office on the proper use of holds and detainers, the constitutional rights of arrestees and suspects, and the obligation not to engage in racial profiling. He knew or should have known that the Ascension Parish Sheriff's Office was holding individuals without legal authority, and he acted with reckless disregard to the violation of rights caused thereby. Warden Dykes is an individual of the full age of majority domiciled in the State of Louisiana. He is sued in his official and individual capacities.

12.

Deputy "tmichel Doe" is an employee of the Ascension Parish Sheriff's Office. Deputy "tmichel Doe" had direct knowledge that Mr. Torres was a citizen of the United States, that there was no lawful cause to detain Mr. Torres, and he continued to detain Mr. Torres anyway. He is sued in his individual capacity.

13.

"Chief Doe" is an employee of the Ascension Parish Sheriff's Office in the staff position of "Chief." Chief Doe had direct knowledge that Mr. Torres was a citizen of the United States,

that there was no lawful cause to detain Mr. Torres, and he continued to detain Mr. Torres anyway. He is sued in his individual capacity.

14.

John Doe 1 is the male individual who booked Mr. Torres into the Ascension Parish Jail on Friday, August 31, 2018. He was aware of Mr. Torres' U.S. citizenship as evidenced by Mr. Torres' possession of documents known only to be possessed by U.S. citizens.

15.

John Doe 2 is/are the individual(s) who were supervising booking and releases at the Ascension Parish Jail on the morning and evening of Saturday, September 1, 2018, and who did not release Mr. Torres subsequent to the criminal court ordering Mr. Torres' release on his own recognizance on the charges of driving under the influence.

16.

John Doe 3 is the individual who placed a "hold" on Mr. Torres at 1:53 am on Sunday, September 2, 2018.

17.

John Does 4-9 are the individuals supervising booking and releases at the Ascension Parish Jail on the mornings and evenings of Sunday, September 2, through Tuesday, September 4, 2018, who possessed information demonstrating and knowledge of Mr. Torres' citizenship but who continued to detain him unlawfully.

*Factual Background*

18.

Plaintiff Ramon Torres was born in the Republic of Honduras in 1988. When he was a small child his family immigrated to the United States of America.

19.

On February 25, 2009, Mr. Torres became a naturalized citizen of the United States of America. In connection therewith, Mr. Torres has a Social Security number and a passport issued by the United States Department of State.

20.

On August 31, 2018, Mr. Torres was arrested by Louisiana State Police officer Jarrod Miles on suspicion of first offense driving while intoxicated.

21.

Officer Miles transported Mr. Torres to the Louisiana State Police Troop A facility at 17801 Highland Road, in Baton Rouge, Louisiana for a chemical breath analysis, which Mr. Torres refused. Thereafter, Officer Miles transferred Mr. Torres to the Ascension Parish Jail for booking.

22.

At the time of his arrest, Mr. Torres was in possession of a Security Passport issued by the Alliance Safety Council. Security Passports require proof of a valid U.S. social security number.

23.

At the time of his arrest, Mr. Torres was in possession of a valid driver's license issued by the State of Louisiana. Louisiana law prohibits the Louisiana Department of Public Safety, Office of Motor Vehicles from issuing a driver's license to any individual without that person providing valid proof of citizenship.

24.

On the morning of September 1, 2018, the Louisiana 23rd Judicial District Court ordered Mr. Torres released on his own recognizance on the driving while intoxicated charge, consistent with the Court's commitment to providing release on recognizance to all non-violent arrestees.

25.

Despite the court's order to release Mr. Torres on all criminal charges, the Defendants refused to release Mr. Torres.

26.

Cameron Moore, a co-worker of Mr. Torres, called the Ascension Parish Sheriff's Office multiple times on Saturday, September 1, 2018, to inquire about the release of Mr. Torres.

27.

Mr. Moore spoke to an officer, Tmichel Doe, who advised him that Mr. Torres was being held because he was in the United States illegally. Mr. Moore advised the officer that Mr. Torres is a United States citizen. The officer advised Mr. Moore to send documentation of Mr. Torres' citizenship to the email address of tmichel@ascensionsheriff.com. Mr. Moore sent an email to Tmichel Doe at the Ascension Parish Sheriff's Office informing its officers that Mr. Torres is a citizen of the United States of America. Attached to the email were copies of Mr. Torres' (1) Certificate of Naturalization issued by the United States Citizen and Immigration Services; (2) social security card; (3) birth certificate issued by the Republic of Honduras; and (4) Passport issued by the United States Department of State. Mr. Moore sent that email at 3:18 p.m. on Saturday, September 1, 2018.

28.

Thus, by Saturday, September 1, 2018, at 3:18 p.m., the Defendants had in their possession copies of the following documents showing Mr. Torres' lawful presence in the United States:

- A Louisiana issued driver's license, issued to an address for a home that Mr. Torres owns;

- A Certificate of Naturalization;

- A social security card; and

- A passport issued by the United States Department of State.

Defendants also had in their possession Mr. Torres' lawfully registered vehicle. In that vehicle were various cards and other forms of identification demonstrating Mr. Torres' security clearance at Exxon, Monsanto, Shintech and Dow Chemicals, and a Transportation Worker Identification Credential ("TWIC" card). TWIC cards are issued by the Transportation Security Administration ("TSA") of the United States of America and require an extensive TSA security threat assessment background check. TWIC cards are issued only to eligible U.S. citizens and non-U.S. citizens in certain lawful immigration categories. Defendants had possession of these materials through an inventory search of the vehicle incident to arrest.

29.

Defendants had no reasonable suspicion or probable cause to believe that Mr. Torres was a noncitizen subject to removal from the United States. Any basis that Defendants had to suspect that Mr. Torres was a removable noncitizen was rebutted by the facts known to them and available to them that Mr. Torres is a U.S. citizen.

8

30.

After several phone calls, Mr. Moore was placed on the phone with an APSO supervisor who identified himself only as "Chief" (hereinafter "Chief Doe.") Chief Doe stated that it is the policy of the Ascension Parish Sheriff's Office to call U.S. Immigrations and Customs Enforcement ("ICE") when APSO officers suspect someone is undocumented, and the APSO then waits to release that individual once he or she has been "cleared" by ICE.

31.

On information and belief, the Defendants jailed Mr. Torres pursuant to APSO's own unilateral immigration enforcement prior to any communication with ICE. On information and belief, ICE never requested that the jail hold Mr. Torres.

32.

Despite having in their possession those documents identified in Paragraph 28 of this Complaint on the afternoon of Saturday September 1, 2018, the Defendants formally changed Mr. Torres' status to "Hold: out of state fugitive" on Sunday September 2, 2018 at 1:53 AM in their electronic record-keeping system or database.

33.

As a result of this "hold," Mr. Torres was detained in the Ascension Parish Jail until Tuesday, September 4, 2018. Mr. Torres inquired with an unidentified administrative employee of the Ascension Parish Sheriff's Office ("Administrator Jane Doe") why he was held so long. Administrator Jane Doe responded to Mr. Torres that APSO contacts ICE pertaining to all Latinx arrestees, resulting in "holds" that delay their release.

34.

Defendants maintain a policy of placing "fugitive" or "other jurisdiction" holds on all Latinx or Hispanic detainees without regard to the individual's actual citizenship status. In Mr. Torres' case, this policy resulted in four days of additional detention, causing loss of his fundamental rights and liberty as a result of Defendants' actions.

35.

The APSO does not have an agreement with any federal agency to act as immigration enforcement agents.

36.

Mr. Torres' detention was due to Defendants' policy, practice, or custom of detaining Latinx-appearing individuals on holds, without probable cause that those individuals are actually in violation of any federal immigration law. Defendants further failed to train and supervise staff on holds, lawful seizures, and probable-cause requirements of the Constitution.

37.

These actions were motivated by an evil motive or intent, and/or involved reckless or callous indifference to Mr. Torres' clearly established rights, entitling him to punitive damages against Defendants in their individual capacities.

FIRST CAUSE OF ACTION:
THE FOURTH AMENDMENT
38.

Mr. Torres incorporates herein the preceding paragraphs as if stated herein for this claim for relief.

39.

The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures," which, at a minimum, requires arresting officers to have probable cause to hold a person.

40.

Defendants, acting under color of state law, unlawfully seized Mr. Torres' person without probable cause, in violation of the Fourth Amendment.

41.

The Defendants did not and could not articulate probable cause that Mr. Torres was in violation of any federal immigration law. Even if they could, they are not authorized to unilaterally enforce federal immigration laws. Thus, the seizure of his person violated his Fourth Amendment rights.

CAUSE OF ACTION NUMBER 2:
FOURTEETH AMENDMENT SUBSTANTIVE DUE PROCESS

42.

Mr. Torres incorporates herein the preceding paragraphs as if stated herein for this claim for relief.

43.

The Fourteenth Amendment of the United States Constitution provides in relevant part that no State "shall deprive any person of life, liberty, or property, without due process of law…."

44.

The Defendants deprived Mr. Torres of his liberty by unlawfully detaining him, after the Court ordered his release, without any legal justification. This detention was an unlawful

11

restriction of his liberty, in violation of his Fourteenth Amendment substantive due process rights.

## CAUSE OF ACTION NUMBER 3:
### FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS

45.

Mr. Torres incorporates herein the preceding paragraphs as if stated herein for this claim for relief.

46.

The Fourteenth Amendment of the United States Constitution provides in relevant part that no State "shall deprive any person of life, liberty, or property, without due process of law…."

47.

The Defendants deprived Mr. Torres of his liberty by unlawfully detaining him after a court ordered his release, without any legal justification. This detention was an unlawful restriction of his liberty without process of law, in violation of his Fourteenth Amendment procedural due process rights.

## CAUSE OF ACTION NUMBER 4:
### FOURTEENTH AMENDMENT EQUAL PROTECTION OF THE LAWS

48.

Mr. Torres incorporates herein the preceding paragraphs as if stated herein for this claim for relief.

49.

The Fourteenth Amendment of the United States Constitution provides in relevant part that no State "shall deny to any person within its jurisdiction the equal protection of the laws."

50.

As a Latino man, Mr. Torres is a member of a protected class. The Defendants detained Mr. Torres solely because of his last name and perceived race, color, ethnicity, or national origin.

51.

By detaining Mr. Torres based upon his perceived race, color, ethnicity, or national origin, Defendants intentionally and unlawfully discriminated against him on account of his perceived race, color, ethnicity, or national origin in violation of his clearly established right to equal protection of the laws.

52.

As a result of this discrimination Mr. Torres suffered loss of his fundamental rights and liberty.

CAUSE OF ACTION NUMBER 5:
FALSE IMPRISONMENT UNDER LOUISIANA LAW

53.

Mr. Torres incorporates herein the preceding paragraphs as if stated herein for this claim for relief.

54.

Mr. Torres was confined to the Ascension Parish Jail from September 1, 2018 through September 4, 2018 without lawful justification.

55.

The Defendants lacked probable cause to detain Mr. Torres after his release was ordered.

56.

The only reason the Defendants continued to detain Mr. Torres from September 1, 2018 through September 4, 2018, was their unfounded suspicion that Mr. Torres was unlawfully

present within the United States. Such suspicion was based solely on discriminatory motives, and not upon any articulable knowledge of particular facts sufficient to reasonably suspect Mr. Torres was not a United States citizen.

57.

Based on the foregoing, the Defendants are liable unto Mr. Torres for his false imprisonment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Torres respectfully requests the following:

1. A declaration that Defendants' actions are unconstitutional;

2. Nominal, compensatory and punitive damages;

3. Reasonable attorneys' fees, expenses and costs pursuant to 42 U.S.C. § 1988; and

4. Any equitable and additional relief this Court deems appropriate.

Respectfully Submitted:

/s/James R. Bullman
James R. Bullman, Bar Roll No. 35064 –T.A.
*The Bullman Law Firm*
201 St. Charles Street
Baton Rouge, La 70802
Telephone:  (225) 993-7169
Facsimile:  (225) 387-3198
Email: james@thebullmanlawfirm.com
*Attorney for Plaintiff*
*Cooperating Attorney for the ACLU of Louisiana*

AND

/s/ Katie Schwartzmann
Katie Schwartzmann, Bar Roll No. 30295
Bruce Hamilton, Bar Roll No. 33170
*The American Civil Liberties Union-F of Louisiana*
P.O. Box 56157
New Orleans, La 70156
Telephone: (504) 522-0628
Email: kschwartzmann@laaclu.org
         bhamilton@laaclu.org
*Attorneys for the Plaintiff*