# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RAMON TORRES, | CIVIL ACTION NO.: 3:19-cv-552 |
| Plaintiff, | |
| | JUDGE: Brian A. Jackson |
| v. | |
| BOBBY WEBRE, Sheriff of Ascension Parish; PAUL HALL, Warden of the Ascension Parish Jail; DAVID DYKES, former Warden of the Ascension Parish Jail; TMICHEL DOE, staff member at Ascension Parish Jail; CHIEF DOE, staff member at Ascension Parish Jail; and JOHN DOES 1-9, booking and release staff at the Ascension Parish Jail. | MAGISTRATE JUDGE: Erin Wilder-Doomes |
| Defendants. | |

## STATUS REPORT

**A.  JURISDICTION**

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.  Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983.  Additionally, this Court has supplemental jurisdiction over Plaintiff's state-law claim of false imprisonment pursuant to 28 U.S.C. § 1367.

**B.  BRIEF EXPLANATION OF THE CASE**

   **1.  Plaintiff's claims:**

The Defendants wrongfully imprisoned Plaintiff after the Ascension Parish Court ordered his release based upon the Defendants racial profiling the Plaintiff as being in the United States without permission. Defendants placed an immigration detainer against Plaintiff based on his Latinx last name and brown skin. Defendants did not have probable

cause for the immigration hold at issue in this case. Defendants' actions violated Plaintiff's rights secured by the 4th and 14th Amendments to the United States Constitution. Additionally, Defendants' actions constituted a false imprisonment of Plaintiff under Louisiana law.

    **2. Defendants claim:**

Defendants have denied Plaintiff's claims.

**C. PENDING MOTIONS.** None.

**D. ISSUES.**

The principal legal issues involved are:

(1) Whether Defendants violated Plaintiff's rights by detaining him.

**E. DAMAGES:**

**Plaintiff:**

Plaintiff seeks a declaration by this Court that the actions of Defendants are unconstitutional. Further, Plaintiff seeks nominal, compensatory and punitive damages. Additionally, Plaintiff seeks reasonable attorney's fees and costs of these proceedings.

**Defendants:**

Not applicable.

**F. SERVICE:**

Service of process has been effectuated upon all Defendants.

**G. DISCOVERY:**

    1. Initial Disclosures:

        A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES   [X] NO

B. Do any parties object to initial disclosures?

[ ] YES   [X] NO

For any party who answered *yes,* please explain your reasons for

objecting.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff: None at this point.

By defendants: None at this point.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?

None.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff: None anticipated at this time, but Plaintiff reserves the right to retain an expert.

By defendants: None anticipated at this time, but Defendants reserve the right to retain an expert.

**H.    PROPOSED SCHEDULING ORDER:**

1. Exchanging initial disclosures, please provide that proposed deadline (7 days before the conference): **October 25, 2019**

2. Recommended deadlines to join other parties or to amend the pleadings: **November 22, 2019**

3. Filing all discovery motions and completing all discovery except experts: **July 31, 2020**

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

>Plaintiff: **August 3, 2020**
>Defendants: **August 17, 2020**

5. Exchange of expert reports:

>Plaintiff: **August 31, 2020**
>Defendants: **September 14, 2020**

6. Completion of discovery from experts: **September 28, 2020**

7. Filing dispositive motions and Daubert motions: **October 30, 2020**

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.
    a. Deadline to file pre-trial order (Approximately 16 weeks after dispositive motion deadline.)
    b. Deadline to file motions in limine (Approximately 20-22 weeks after the dispositive motion deadline.)
    c. Deadline to file affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline.)
    d. Deadline to submit joint jury instructions, voire dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline.)
    e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline.
    f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

## I. TRIAL

1. Has a demand for trial by jury been made? **Yes.**
2. Estimate the number of days a trial will require.

   Plaintiff: 2 to 3 days    Defendants: 2 – 3 days

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[] YES    [X] NO

1. If the answer is *yes* please explain:

2. If the answer is *no* do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

**CHECK "NO" IF YOU HAVE NOT SUBMITTED PROPOSED DEADLINES.**

[X] YES    [] NO

**K.   SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.
   None

2. Do the parties wish to have a settlement conference?

[X] YES    [] NO

**L.   CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

[] YES    [X] NO

Respectfully submitted this 17th Day of October, 2019.

*/s/James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
*The Bullman Law Firm*
201 St. Charles Street
Baton Rouge, La 70802
Telephone:  (225) 993-7169
Facsimile:  (225) 387-3198
Email: james@thebullmanlawfirm.com
*Attorney for Plaintiff*
*Cooperating Attorney for the ACLU Foundation of Louisiana*

AND

/s/ Katie Schwartzmann
Katie Schwartzmann, Bar Roll No. 30295
Bruce Hamilton, Bar Roll No. 33170
*The American Civil Liberties Union
Foundation of Louisiana*
P.O. Box 56157
New Orleans, La 70156
Telephone: (504) 522-0628
Email: kschwartzmann@laaclu.org
      bhamilton@laaclu.org
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system

/s/ *Bruce Hamilton*
Bruce Hamilton