# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAMON TORRES** | * | **CIVIL ACTION NO. 3:19-CV-00552** |
| *Plaintiff* | * | |
| | * | **SECTION** |
| **VERSUS** | * | |
| | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **SHERIFF BOBBY WEBRE, ET AL** | * | **MAGISTRATE ERIN WILDER-DOOMES** |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY, AFFIRMATIVE DEFENSES, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, come Defendants, Ascension Parish Sheriff Bobby Webre, individually and in his official capacity as Sheriff of Ascension Parish, Warden Paul Hall, individually and in his official capacity as Warden, David Dykes, individually and in his official capacity as the former Warden, and Thomas Michel, Eugene Ferguson, Dakota Bercegeay, Adam Brasseaux, and Tyrone Knighten, who answer Plaintiff's Complaint as follows:

## INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY

Defendants here assert that they are entitled to qualified immunity, which bars Plaintiff's suit, insofar as their actions were reasonable in light of the clearly established law at the time.

AND NOW, in further answer:

## FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

## SECOND DEFENSE

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

## THIRD DEFENSE

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

## FOURTH DEFENSE

Defendant categorically paragraph by paragraph alleges and avers as follows:

1.

Paragraph 1 of the Complaint appears to contain legal conclusions and no allegations to which a response is required. To any extent that a response is deemed to be required, the allegations alleged in Paragraph 1 of the Complaint are denied.

2.

The allegations alleged in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations alleged in Paragraph 3 of the Complaint are denied.

4.

The allegations alleged in Paragraph 4 of the Complaint are denied except to admit that jurisdiction and venue is proper.

5.

The allegations alleged in Paragraph 5 of the Complaint are denied except to admit that jurisdiction and venue is proper.

6.

The allegations alleged in Paragraph 6 of the Complaint are denied except to admit that jurisdiction and venue is proper.

7.

The allegations alleged in Paragraph 7 of the Complaint are denied except to admit that jurisdiction and venue is proper.

8.

The allegations alleged in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations alleged in Paragraph 9 of the Complaint are denied except to admit the Defendant's status.

10.

The allegations alleged in Paragraph 10 of the Complaint are denied except to admit the Defendant's status.

11.

The allegations alleged in Paragraph 11 of the Complaint are denied except to admit the Defendant's status.

12.

The allegations alleged in Paragraph 12 of the Complaint are denied except to admit that Edward Murphy died as a result of the cardiac event.

13.

The allegations alleged in Paragraph 13 of the Complaint are denied except to admit the Defendant's status.

14.

The allegations alleged in Paragraph 14 of the Complaint are denied except to admit the Defendant's status.

15.

The allegations alleged in Paragraph 15 of the Complaint are denied except to admit the Defendant's status.

16.

The allegations alleged in Paragraph 16 of the Complaint are denied except to admit the Defendant's status.

17.

The allegations alleged in Paragraph 17 of the Complaint are denied except to admit the Defendant's status.

18.

The allegations alleged in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations alleged in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations alleged in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations alleged in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations alleged in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations alleged in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations alleged in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations alleged in Paragraph 20 of the Complaint are denied as written.

26.

The allegations alleged in Paragraph 26 of the Complaint are denied as written.

27.

The allegations alleged in Paragraph 27 of the Complaint are denied as written and for lack of sufficient information to justify a belief therein.

28.

The allegations alleged in Paragraph 28 of the Complaint are denied as written. It is admitted that Deputy Michel received an email with copies of some documents.

29.

The allegations alleged in Paragraph 29 of the Complaint are denied as written and for lack of sufficient information to justify a belief therein.

30.

The allegations alleged in Paragraph 30 of the Complaint are denied as written and for calling for a legal conclusion.

31.

The allegations alleged in Paragraph 31 of the Complaint are denied.

32.

The allegations alleged in Paragraph 32 of the Complaint are denied.

33.

The allegations alleged in Paragraph 33 of the Complaint are denied as written and for lack of sufficient information to justify a belief therein.

34.

The allegations alleged in Paragraph 34 of the Complaint are denied except to admit that jail records show that Plaintiff was released from the jail on September 4, 2018.

35.

The allegations alleged in Paragraph 35 of the Complaint are denied.

36.

The allegations alleged in Paragraph 36 of the Complaint are denied as written.

37.

The allegations alleged in Paragraph 37 of the Complaint are denied.

38.

The allegations alleged in Paragraph 38 of the Complaint are denied.

39.

The allegations alleged in Paragraph 39 of the Complaint do not require an answer but are nonetheless denied out of an abundance of caution.

40.

The allegations alleged in Paragraph 40 of the Complaint contain legal conclusions that do not require a response.

41.

The allegations alleged in Paragraph 41 of the Complaint are denied.

42.

The allegations alleged in Paragraph 42 of the Complaint are denied.

43.

The allegations alleged in Paragraph 43 of the Complaint do not require an answer but are nonetheless denied out of an abundance of caution.

44.

The allegations alleged in Paragraph 44 of the Complaint contain legal conclusions that do not require a response.

45.

The allegations alleged in Paragraph 45 of the Complaint are denied.

46.

The allegations alleged in Paragraph 46 of the Complaint do not require an answer but are nonetheless denied out of an abundance of caution.

47.

The allegations alleged in Paragraph 47 of the Compliant contain legal conclusions that do not require an answer.

48.

The allegations alleged in Paragraph 48 of the Complaint are denied.

49.

The allegations alleged in Paragraph 49 of the Complaint do not require an answer but are nonetheless denied out of an abundance of caution.

50.

The allegations alleged in Paragraph 50 of the Complaint contain legal conclusions that do not require an answer.

52.

The allegations alleged in Paragraph 52 of the Complaint are denied.

53.

The allegations alleged in Paragraph 53 of the Complaint are denied.

54.

The allegations alleged in Paragraph 54 of the Complaint do not require an answer but are nonetheless denied out of an abundance of caution.

55.

The allegations alleged in Paragraph 55 of the Complaint are denied.

56.

The allegations alleged in Paragraph 56 of the Complaint are denied.

57.

The allegations alleged in Paragraph 57 of the Complaint are denied.

58.

The allegations alleged in Paragraph 58 of the Complaint are denied.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the plaintiff in this matter, inasmuch as the Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

Defendants herein plead that any actions taken by them was taken in good faith and with probable cause, without malice, and under laws believed to be constitutional.

**SEVENTH DEFENSE**

In the alternative, Defendants aver that Plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom Defendants exercise no authority, jurisdiction, or control, and for whose actions Defendants are not legally responsible.

**EIGHTH DEFENSE**

Defendants avers that, at all times herein, their actions were reasonable, justified and legally permissible under the circumstances.

**NINTH DEFENSE**

Defendants specifically plead that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

**TENTH DEFENSE**

As a political subdivision of the State of Louisiana, Defendants are entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and

LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law.

## TWELFTH DEFENSE

Defendants herein plead that, to the extent that any acts or omissions of the defendants were a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which defendants are immune from liability under La. R.S. 9:2798.1.

## THIRTEENTH DEFENSE

Defendants plead that Plaintiff failed to exhaust the available administrative remedies as required under 42 U.S.C. 1997e and/or the Louisiana Prison Litigation Reform Act and/or the Louisiana Corrections Administrative Remedy Procedures Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants also reserve the right to assert any and all additional applicable immunities available under law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants also reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## JURY DEMAND

Defendants pray that this matter be tried before a jury as to all claims against all parties.

**WHEREFORE,** Defendants, , Ascension Parish Sheriff Bobby Webre, individually and in his official capacity as Sheriff of Ascension Parish, Warden Paul Hall, individually and in his official capacity as Warden, David Dykes, individually and in his official capacity as the former Warden, and Thomas Michel, Eugene Ferguson, Dakota Bercegeay, Adam Brasseaux, and Tyrone

Knighten pray that this answer be deemed good and sufficient and that, after all due proceedings, there be judgment herein, dismissing Plaintiff's Complaint with prejudice and at her cost, and for all other general and equitable relief.

Respectfully submitted,

USRY & WEEKS, APLC

*/s/James B. Mullaly*
JAMES B. MULLALY (LSBN 28296)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 592-4600
Facsimile: (504) 592-4641
Email: jmullaly@usryweeks.com
**Counsel for the Defendants**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 17th day of July 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*/s/James B. Mullaly*
JAMES B. MULLALY (LSBN 28296)